IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00104-BNB

PATRICK BACA,

    Plaintiff,

v.

WILLIAM LOVINGER, Acting Denver County Sheriff, Individual and Official Capacity,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Patrick Baca, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Baca, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Baca is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baca will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Baca and finds that it is deficient. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baca must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must

be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Baca asserts that Defendant Lovinger was the sheriff at the Denver County Jail when the alleged constitutional violations took place. Defendant Lovinger may not be held liable simply because he was the sheriff. Mr. Baca fails to assert how Defendant William Lovinger personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges proper personally participation by a named defendant. The Amended "[C]omplaint must explain what [the] defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Baca file an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Baca, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Baca fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED February 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00104-BNB

Patrick Baca
Prisoner No. 117057
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/16/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk